IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SXSW, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:11cv982 |
| | § | |
| JOSEPH GINGERELLA d/b/a BLACK ICE BOOKING & ENTERTAINMENT, SHYAN SELAH d/b/a BRAVE NEW WORLD MEDIA GROUP, and BNW GLOBAL LLC, | § § § § | **JURY DEMANDED** |
| | § | |
| Defendants. | § | |

**COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT AND DILUTION, FALSE ADVERTISING, UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

SXSW, Inc., appearing through its undersigned counsel, alleges, on information and belief, as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is an action for counterfeiting, trademark infringement, unfair competition, trademark dilution, and false advertising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for trademark dilution under Chapter 16 of the Texas Business and Commerce Code; and for trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2. This Court has jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121; Title 28 of the United States Code, 28 U.S.C. §§ 1331, 1338 and 1367; and the principles of pendent jurisdiction.

3.       The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  Accordingly, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332.

4.       This Court has personal jurisdiction over Defendants.  Defendants have engaged in a continuous and systematic course of doing business in Texas, and a substantial portion of the activities complained of herein have occurred and continue to occur in this District.

## PARTIES

5.       SXSW, Inc. ("SXSW") is a corporation organized under the laws of the State of Texas with its principal place of business in Austin, Texas.

6.       SXSW is informed and believes, and on that basis alleges, that Defendant Joseph Gingerella is a citizen of Washington residing at 4107 35th Avenue Ct NW, Gig Harbor, Washington 98335.  On information and belief, Joseph Gingerella also does business under the name Black Ice Booking & Entertainment.

7.       SXSW is informed and believes, and on that basis alleges, that Defendant Shyan Selah is a citizen of Washington residing at 1411 SW 296th Street, Federal Way, Washington 98023.  On information and belief, Shyan Selah is the Registered Agent of BNW Global LLC, and also does business under the name Brave New World Media Group.

8.       SXSW is informed and believes, and on that basis alleges, that Defendant BNW Global LLC is a Washington limited liability company with a principal place of business at 501 Dexter Avenue North, Seattle, Washington 98116.

9.       Joseph Gingerella d/b/a Black Ice Booking & Entertainment, Shyan Selah d/b/a Brave New World Media Group, and BNW Global LLC are referred to collectively herein as "Defendants."

# FACTS

## A. PLAINTIFF AND ITS TRADEMARKS

10. Plaintiff is the founder and organizer of the South By Southwest Music, Film and Interactive Festivals (collectively, the "SXSW Festival"). Since the SXSW Festival was first held in Austin, Texas in 1987, the SXSW Festival has grown exponentially to become one of the world's foremost annual events in the fields of music, film, and technology, drawing thousands of participants and hundreds of thousands of attendees to Austin each year. The SXSW Festival is the highest revenue-producing special event for the Austin economy, and had an estimated economic impact of $167 million in 2011 alone. The 2012 SXSW Festival is scheduled for March 9-18 and will mark the twenty-sixth year of this renowned event.

11. An integral component of the SXSW Festival is the South By Southwest Music Festival (the "SXSW Music Festival"), which has grown to showcase nearly 2,000 musical acts from around the world on over 90 stages in Austin during the 2011 festival alone. The SXSW Music Festival features both famous musicians and unsigned garage bands alike, and is attended by professionals from all aspects of the music industry, including record label executives, booking agents, talent managers, manufacturers, music publishers, andmembers of the general and industry media. The SXSW Music Festival has become legendary for offering an unparalleled opportunity for little-known musical acts to launch their careers due to presence of numerous musical industry professionals, tastemakers and media figures who attend the SXSW Festival and the concerts and showcases affiliated with SXSW.

12. SXSW screens and selects that musical acts that will perform at official SXSW showcases and events through a formal application process. Only musical acts that have been selected by SXSW and have agreed to specific conditions regarding their performances at events

during the SXSW Festival are permitted to perform at showcases and events affiliated with SXSW.

13. SXSW has for many years used the marks SXSW, SOUTH BY SOUTHWEST, SOUTH BY, SXSWEEK, SXSWORLD and other related marks and logos, including the distinctive logos shown below (collectively, the "SXSW Marks"), in connection with the SXSW Festival, the provision of food and beverages, catering services, travel-related services, and the provision of merchandise and publications associated with these services.

 

Music industry participants, bands, corporate sponsors, festival-goers, and SXSW itself often refer to the SXSW Festival as "SXSW," "SOUTH BY SOUTHWEST," and/or "SOUTH BY."

14. In addition to its extensive common law rights, SXSW also owns the following federal trademark registrations for its SXSW Marks:

| MARK | REGISTRATION NO./ REGISTRATION DATE | GOODS/SERVICES |
| --- | --- | --- |
| **SOUTH BY SOUTHWEST** | 2,273,216<br><br>08/31/99 | Educational and entertainment services, namely, conducting conferences, festivals and seminars in the fields of music, film, video, computer and multimedia (Class 41) |

-5-

| MARK | REGISTRATION NO./ REGISTRATION DATE | GOODS/SERVICES |
|---|---|---|
| **SOUTH BY SOUTHWEST** | 3,765,211<br><br>3/23/10 | Providing food and drink; making reservations for others for temporary lodging accommodations; providing a website for booking temporary lodging; providing a website featuring information on hotel and temporary accommodations for travel; catering services; providing banquet and social function facilities; provision of conference and meeting facilities. (Class 43) |
| **SXSW** | 2,043,596<br><br>03/11/97 | Educational and entertainment services, namely conducting conferences, festivals and seminars in the fields of music, film, video, computer and multimedia (Class 41) |
| **SXSW** | 2,509,383<br><br>11/20/01 | All purpose sports bags (Class 18)<br><br>T-shirts, tank tops and hats (Class 25) |
| **SXSWEEK** | 2,313,345<br><br>02/01/00 | Educational and entertainment services, namely conducting conferences, festivals and seminars in the fields of music, film, video, computer and multimedia (Class 41) |
| **SXSWORLD** | 3,494,119<br><br>8/26/08 | Downloadable electronic magazines featuring entertainment content and news, commentary, and information about the entertainment, media, information technology and multimedia technology industries (Class 9) |

| MARK | REGISTRATION NO./ REGISTRATION DATE | GOODS/SERVICES |
|---|---|---|
| **SXSWORLD** | 3,348,560<br><br>12/4/07 | Magazines featuring entertainment content and news, commentary, and information regarding the entertainment, media, information technology and multimedia technology industries (Class 16) |
| **SXSWEDU** | 3,970,209<br><br>5/31/11 | Educational and entertainment services, namely conducting conferences and seminars in the fields of education and technology (Class 41) |

Attached as Exhibit A are true and correct print-outs of records for these registrations from the Trademark Electronic Search System (TESS) database of the United States Patent and Trademark Office website.

15. The SXSW Marks are inherently distinctive and serve to identify and indicate the source of the SXSW's products and services to the consuming public.

16. SXSW has spent significant sums advertising and promoting its SXSW Marks and the goods and services sold thereunder. As a result of these efforts and the widespread success of the various festivals, conferences and events sponsored by SXSW, the SXSW Marks have become famous, and have come to identify the products and services of SXSW in the minds of consumers and of other individuals working in many aspects of the entertainment industry around the world.

17. As a result of SXSW's long use and promotion of the SXSW Marks, SXSW has acquired valuable common law rights in the SXSW Marks.

18. SXSW's goodwill and the SXSW Marks are important assets of SXSW, and SXSW cannot afford to permit another person or group to use the SXSW Marks in a way that would dilute the distinctiveness of the SXSW Marks, or cause confusion as to that group's sponsorship or affiliation with, or endorsement by, SXSW.

**B.   DEFENDANTS' INFRINGING ACTIVITIES**

19. Joseph Gingerella d/b/a Black Ice Booking & Entertainment is a concert promoter and band manager doing business in the Seattle, Washington area and elsewhere.

20. For the past several years, Gingerella has organized and promoted concerts and events at venues in Austin that intentionally coincide with the SXSW Festival. Gingerella's concert and events are not sponsored or affiliated with SXSW.

21. Gingerella, in concert with Shyan Selah d/b/a Brave New World Media Group and BNW Global LLC, has recently organized, sponsored, promoted, and advertised a series of "battle of the bands" events in multiple states using the name "Road to South By."

22. Musical acts pay a fee to Gingerella to participate in one of these events, with a winner determined by a panel of judges. In the advertising and promotional materials for these events, Defendants state that the winner of the "battle of the bands" will perform at the SXSW Music Festival held that year.

23. In promoting the "Road to South By" events, Defendants use marks owned by SXSW, including the marks SOUTH BY, SOUTH BY SOUTHWEST, and SXSW. Defendants use these marks in a manner suggesting that they and the "Road to South By" events are affiliated with SXSW, and that the winners of the "Road to South By" events will play a showcase at the SXSW Festival; i.e., one that is sponsored, sanctioned and produced by SXSW.

24.     Contrary to the Defendants' misrepresentations, the concerts that Defendants organize in Austin, Texas that coincide with the SXSW Festival at which the winners of the "Road to South By" events perform are not part of the SXSW Festival, and are in no way affiliated or sponsored by SXSW.  Rather, Defendants organize and promote parasite concerts that attempt to draw SXSW attendees, many of whom are likely under the mistaken impression that Defendants' events are official SXSW events.

25.     Defendants produce, distribute and sell to winners of the "Road to South By" events laminated "VIP" passes that prominently use the SXSW Marks in a manner that strongly implies that the passes were issued by SXSW and that the recipients will be afforded access to the official events and showcases of the SXSW Festival.  In fact, these passes only permit the recipient to attend events organized by Defendants that are not affiliated with SXSW, and may not be used to access official SXSW events.  Copies of VIP passes distributed by Defendants featuring the SXSW Marks are attached as Exhibit B.

26.     Defendants are not affiliated with or sponsored by SXSW and have not been authorized by SXSW to use the SXSW Marks or any confusingly similar marks.

27.     Defendants are using the SXSW Marks in commerce.  Defendants' use of the SXSW Marks began long after SXSW had established rights in the SXSW Marks, and after those marks had become famous.

28.     SXSW has notified Defendants, in particular Gingerella, numerous times of SXSW's rights in the SXSW Marks, and made numerous attempts to resolve this dispute with Gingerella prior to filing this lawsuit.  Despite SXSW's attempts to resolve this matter amicably, Defendants have not ceased using the SXSW Marks or promoting their events in a manner suggesting some affiliation or sponsorship with SXSW.

29. In their advertising materials promoting the "Road To South By" events, Defendants make claims that are false and misleading and likely to cause confusion in several respects. For example, in a Craigslist advertisement promoting a "Road to South By" event, Defendants state the following:

```
What you are Battling for:
      Perform at SXSW,
 Each Band will get 3 showcases
The opportunity to be exposed to all the Major Record
             Labels
```

A correct and true copy of this advertisement is attached as Exhibit C.

30. Defendants' claim that the winner will "Perform at SXSW" is false, as the winners will not perform at a venue or showcase sponsored, sanctioned, or produced by SXSW. Further, Defendants' claim that the winner will be granted "the opportunity to be exposed to all the Major Record Labels" is misleading, as it implies that the winner will be performing at showcases sponsored by SXSW and, hence, attended by SXSW participants and attendees, when in fact the winners will perform at a showcase unaffiliated with SXSW. Defendants do not disclose that they and the concert events they organize in Austin are not affiliated with SXSW.

C.   **EFFECT OF DEFENDANTS' ACTIVITIES**

31. Defendants' unauthorized use of the SXSW Marks is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, including musical acts, at least as to some affiliation, connection or association of Defendants with SXSW, or as to the origin, sponsorship, or approval of Defendants' services by SXSW. Indeed, Defendants' unauthorized use has already resulted in numerous musical acts contacting SXSW expressing actual confusion as to some affiliation between SXSW and Defendants, and the events Defendants organize in Austin that coincide with the SXSW Festival.

32. Defendants' unauthorized use of the SXSW Marks falsely designates the origin of their products and services, and falsely and misleadingly describes and represents facts with respect to Defendants and their products and services.

33. Defendants' unauthorized use of the SXSW Marks enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by SXSW over many years, and to gain acceptance for their products and services not solely on their own merits, but on the reputation and goodwill of SXSW, its SXSW Marks, and its products and services.

34. Defendants' unauthorized use of the SXSW Marks is likely to dilute the distinctive quality of the SXSW Marks.

35. Defendants' unauthorized use of the SXSW Marks unjustly enriches Defendants at SXSW's expense. Defendants have been and continue to be unjustly enriched by obtaining a benefit from SXSW by taking undue advantage of SXSW and its goodwill. Specifically, Defendants have taken undue advantage of SXSW by trading on and profiting from the goodwill in the SXSW Marks developed and owned by SXSW, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for their own business and services.

36. Defendants' unauthorized use of the SXSW Marks removes from SXSW the ability to control the nature and quality of products and services provided under the SXSW Marks, and places the valuable reputation and goodwill of SXSW in the hands of Defendants, over whom SXSW has no control.

37. Defendants' false and misleading advertising claims deceive and/or have a tendency to deceive a substantial segment of the intended audience.

38. Defendants' false and misleading advertising claims are material and likely to influence the purchasing decisions of consumers, including the musical acts participating in the Defendants' "Road to South By" events and the attendees of the same.

39. Defendants' false and misleading advertising claims have damaged, are damaging, and are likely to continue damaging and causing irreparable injury to SXSW.

40. Unless these acts of Defendants are restrained by this Court, they will continue, and they will continue to cause irreparable injury to SXSW and to the public for which there is no adequate remedy at law.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING

41. Plaintiff repeats the allegations above as if fully set forth herein.

42. The acts of Defendants complained of herein constitute infringement of SXSW's federally registered SXSW Marks in violation of 15 U.S.C. § 1114(1).

43. The conduct of Defendants complained of herein constitutes the counterfeiting of SXSW's federally registered trademarks in violation of 15 U.S.C. § 1116(d).

44. Defendants' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of SXSW's rights in the SXSW Marks, and with intent to cause confusion and to trade on SXSW's vast goodwill in the SXSW Marks. In view of the egregious nature of Defendants' infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT II: VIOLATION OF LANHAM ACT § 43(A)

45. Plaintiff repeats the allegations above as if fully set forth herein.

46. The acts of Defendants complained of herein constitute trademark infringement, false advertising, false designation of origin and false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendants' acts of trademark infringement, false designations of origin, false advertising, and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT III: FEDERAL TRADEMARK DILUTION

48. Plaintiff hereby repeats the allegations above as if fully set forth herein.

49. The conduct of Defendants complained of herein constitutes dilution of SXSW's famous SXSW Marks in violation of 15 U.S.C. § 1125(c).

## COUNT IV:  DILUTION UNDER TEXAS LAW

50. Plaintiff repeats the allegations above as if fully set forth herein.

51. The acts of Defendants complained of herein constitute dilution of SXSW's famous SXSW Marks in violation of Texas Business and Commerce Code § 16.29.

## COUNT V: COMMON LAW TRADEMARK INFRINGEMENT

52. Plaintiff repeats the allegations above as if fully set forth herein.

53. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

## COUNT VI: COMMON LAW UNFAIR COMPETITION

54. Plaintiff repeats the allegations above as if fully set forth herein.

55. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## COUNT VII: UNJUST ENRICHMENT

56. Plaintiff repeats the allegations above as if fully set forth herein.

57. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at the expense of SXSW.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that:

(a) Defendants, and any other persons who are in active concert or participation with Defendants, be permanently enjoined and restrained from using the SXSW Marks and any other mark or logo that is confusingly similar to or likely to cause dilution of SXSW Marks, from promoting or producing any show that is likely to confuse consumers into believing such show is affiliated or associated with SXSW, or that falsely or misleadingly suggests such an association, and from any attempt to retain any part of the goodwill misappropriated from SXSW;

(b) Defendants, and any other persons who are in active concert or participation with Defendants, be enjoined from publishing, disseminating, or otherwise using the advertisements and materials complained of herein, and any other advertisements or materials that falsely or misleadingly: (1) claim or suggest any affiliation or association between Defendants and SXSW; or (2) claim or suggest that the events that Defendants organize in Austin, Texas that coincide with the SXSW Festival are sponsored or sanctioned by SXSW.

(c) Defendants, and any other persons who are in active concert or participation with Defendants, be required to deliver up and destroy all labels, signs, badges, prints, packages, advertisements, commercials, Internet postings and advertisements, and other promotional materials bearing or using the false and misleading advertising claims complained of herein, and all plates, molds, matrices, and other means of making the same.

(d) Defendants be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(e) Plaintiff recover all damages it has sustained as a result of Defendants' activities, and that said damages be trebled;

(f) An accounting be directed to determine Defendants' profits resulting from its activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(g) Plaintiff recover its reasonable attorney fees;

(h) Plaintiff recover an award of statutory damages in the amount of $2,000,000 per counterfeit mark, as provided in 15 U.S.C. § 1117(c)(2);

(i) Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

(j) Plaintiff recover such other relief as the Court may deem appropriate.

## **JURY DEMAND**

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

DATED:  November 16, 2011      Respectfully submitted,

                        By: /s/ Stephen P. Meleen_____
                            Stephen P. Meleen
                            State Bar No. 00795776
                            Jered E. Matthysse
                            State Bar No. 24072226
                            Pirkey Barber LLP
                            600 Congress Avenue, Suite 2120
                            Austin, Texas  78701
                            (512) 322-5200

                            ATTORNEYS FOR PLAINTIFF
                            SXSW, INC.